IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LE 'JON DARNELL FAIR,** | Case Number 5:15 CV 1580 |
| Petitioner, | Judge Jack Zouhary |
| v. | REPORT AND RECOMMENDATION |
| **CHRISTOPHER LAROSE,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

## INTRODUCTION

Petitioner Le 'Jon Darnell Fair, a *pro se* Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Warden Christopher LaRose filed an answer (Doc. 7) with attached exhibits (Doc. 7-1). Petitioner filed a reply. (Doc. 10). The district court has jurisdiction over this petition under 28 U.S.C. § 2254(a). This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations. *See* Non-document entry dated August 21, 2015. Following review, and for the reasons stated below, the undersigned recommends the Petition be dismissed.

## BACKGROUND

On September 29, 2011, a grand jury indicted Fair for trafficking in cocaine, possession of cocaine, failure to comply with the order or signal of a police officer, and tampering with evidence. The drug offenses included major drug offender and criminal forfeiture specifications. The case proceeded to trial on February 4, 2013. The next day, Fair decided to enter a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), to the trafficking, failure to comply, and tampering charges. The trial court dismissed the possession charge, the major drug offender

specifications, and the forfeiture specification for the possession charge. The failure to comply charge was reduced to a misdemeanor. Fair was sentenced to a total of seven years of imprisonment. *State v. Fair*, 2014 WL 7463004, at *1 (Ohio Ct. App. Dec. 31, 2014); *see also* (Doc. 7–1, at 4–10).

At sentencing, the trial court failed to advise Fair of his right to file an appeal. However, in June 2014, the Ohio Court of Appeals granted Fair's motion to file a delayed appeal. The Ohio Court of Appeals subsequently affirmed the trial court's judgment, finding the trial court's error was remedied when the court of appeals granted Fair's motion to file a delayed appeal. *Fair*, 2014 WL 7463004, at *2.

A subsequent motion for reconsideration was denied by the Ohio Court of Appeals. (Doc. 17-1, at 123–30). On April 13, 2015, Fair filed a *pro se* application to appeal with the Supreme Court of Ohio. (Doc. 17–1, at 131–32). The Supreme Court of Ohio declined to accept jurisdiction on June 24, 2015. (Doc. 17–1, at 151).

## FEDERAL HABEAS CORPUS

Fair's habeas corpus petition was filed with this Court on August 4, 2015. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); (Doc. 1, at 20). In his petition, Fair argues:

> The facts remain, that neither the court, retained counsel or the State gave notice that I could continue with retained counsel for appeal purposes. Nor did my parents receive notice that appeal could be taken, so that appointment of the same attorney by retainer could be had, or another retained appellant attorney could be had.
>
> It was not until after being incarcerated at Trumbull Correctional Institution, some Six (6) months of [sic] later, that I received information from a TCI inmate legal clerk, that filing of a delayed appeal could be had, due to failure of notification that both an Ohio statute granting appellate review when taken and that procedural rules granted notice for appeal timely requested, with notice of whether I could afford to retain appellate counsel and if I could not that appellant counsel would be appointed to me, as well as documentation if found indigent by the court.

2

>Delayed appeal followed, after having retained or purchasing of the sentencing transcripts on my own through my mother. There were attempts to include the transcript, and even to supplement the transcript through filing directly a certified true copy, while in fact the State retained a copy of the purchase sentencing transcript for answering motions, applications.
>
>Further, retained counsel never informed me that post-conviction petition relief was available to me or told my family of this either.

(Doc. 1, at 10).

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court cannot grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id*. at 413. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

## DISCUSSION

There is no constitutional requirement that states provide criminal defendants a right to seek review of alleged trial errors. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). However, once a state does provide an individual the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Id.* at 393, 403.

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). "[T]he Constitution is violated if a convicted defendant is denied an appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (internal quotation marks and citation omitted).

Fair has the burden of demonstrating by the preponderance of the evidence that he was not informed of his appeal rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974). A petitioner is not entitled to habeas corpus relief based on a claim that the trial court failed to inform him of his appellate rights if he has personal knowledge of those rights. *See Peguero v.*

4

*United States*, 526 U.S. 23, 29–30 (1999). It is undisputed that the trial court failed to inform Fair of his right to an appeal or to appellate counsel.

Federal courts may only adjudicate ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). "[T]hroughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). Should events occur rendering a court unable to grant the requested relief, the case becomes moot, and the court is without jurisdiction to hear the case. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Procedural errors are curable by holding a new hearing in compliance with the requirements of due process. *Davis v. Shartle*, No. 1:10 CV 200, 2010 WL 4818286, at *2 (N.D. Ohio Oct. 29, 2010) (citing *Batanic v. Immigration & Naturalization Serv.*, 12 F.3d 662, 667 (7th Cir. 1993)).

Fair claims he was not given notice of his right to an appeal, or of his right to counsel on appeal. Fair's arguments are moot because the Ohio Court of Appeals provided Fair with what he desired: the ability to file an appeal. The delayed appeal gave Fair his opportunity to present his concerns regarding his guilty plea to the Ohio Court of Appeals.

When a defendant who has pleaded guilty is not properly informed of his appellate rights by the trial court at sentencing, a successful motion for a delayed appeal remedies any alleged defect, rendering the error moot. *State v. Inman*, No. 10CA3176, 2011 WL 2681916, at *1 (Ohio Ct. App. June 30, 2011). When Inman then sought federal habeas corpus review raising the same issue, the district court stated "any prejudice resulting from counsel's alleged failure to advise Petitioner of the right to appeal or file an appeal on his behalf or on the trial court's failure to do so was cured when the state appellate court granted his motion for a delayed appeal." *Inman v.*

5

*Warden, Se. Corr. Inst.*, No. 2:12-CV-950, 2014 WL 1608390, at *6 (S.D. Ohio Apr. 22, 2014), *adopted by*, 2014 WL 1922815 (S.D. Ohio May 14, 2014). The district court explained that once the delayed appeal was granted, Inman had the opportunity to raise any claims on appeal. *Id*.

In Fair's case, the Ohio Court of Appeals explained:

> {¶ 3} Mr. Fair argues that the trial court erred because it did not advise him of his appellate rights. He argues that the court's error deprived him of the right to counsel on appeal, which renders his convictions void. He also argues that his trial counsel failed to advise him of his right to appeal. He further argues that, if he had had appellate counsel, his counsel would have advised him about post-conviction relief.
>
> {¶ 4} Mr. Fair has not demonstrated reversible error. If a trial court does not notify a criminal defendant about his right to appeal the court's judgment, the remedy is a delayed appeal, which is what Mr. Fair has received. *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007–Ohio–2454, ¶ 8. Regarding the right to appellate counsel, we note that Mr. Fair has not retained an attorney or asked for the appointment of, even though he acknowledges his right to counsel. As for the fact that Mr. Fair did not have an appellate counsel to tell him about post-conviction relief, he has not identified any issues that he is not able to raise adequately in this delayed appeal.

*Fair*, 2014 WL 7463004, at *1.

A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. Under this standard, Fair has not shown that the resolution of his arguments by the Ohio Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13.

The Ohio Court of Appeals addressed Fair's arguments regarding the lack of notice by the trial court. The court of appeals found its grant of a delayed appeal, consistent with Ohio precedent, cured the trial court's defect and allowed Fair his right to obtain appellate review.

Regarding the issue of counsel, the court of appeals stated that Fair was not represented by retained counsel. Further, despite knowing his right to appointed counsel, Fair did not ask for the appointment of counsel on appeal. Yet, although he was not represented by counsel, Fair failed to identify any issues he was unable to adequately present in his appeal. *Fair*, 2014 WL 7463004, at *1. The discussion of these issues and the resolution of Fair's arguments by the Ohio Court of Appeals are not contrary to decisions by the United States Supreme Court. Therefore, under § 2254(d) and *Williams*, Fair's petition has not established an unreasonable application of federal law so as to warrant habeas corpus relief.

Finally, the undersigned notes that Fair mentions violations of state law in his documents. (Doc. 10, at 5). Violations of state law or state procedures are not normally cognizable in habeas corpus proceedings. *Mijkovic v. Woods*, 517 F. App'x 392, 393 (6th Cir. 2013); *Brown v. McKee*, 460 F. App'x 567, 572 (6th Cir. 2012).

**CONCLUSION AND RECOMMENDATION**

Accordingly, the undersigned recommends that the petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed.

    s/James R. Knepp II
    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

8

*WAIVES* the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).